FILED
SUPERIOR COURT
OF GUAM

2021 SEP 23 PM 12: 49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**JUAN FAISAO MENDIOLA,**<br>*aka* **John F. Mendiola**<br>DOB: 07/04/1963<br><br>Defendant. | **Criminal Case No. CF0245-20**<br>GPD Report No. 20-11619<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CASTLE DOCTRINE PRESUMPTION FOR ALLEGED VICTIM** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 30, 2021 for hearing on Defendant Juan Faisao Mendiola's (*aka* John F. Mendiola's) ("Defendant's") Motion In Limine To Exclude Castle Doctrine Presumption for Alleged Victim ("Motion"). Assistant Attorney General Sean Brown represents the People, and Attorneys Joseph Razzano and Joshua Walsh represent Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

Defendant is charged with Murder (as a First Degree Felony) and Aggravated Assault (as a 2nd Degree Felony). Indictment (Jul. 27, 2020). Each charge is accompanied by a *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony. Id. Defendant is accused of murdering Peter John Tadeo Rios Jr. ("Victim") by shooting him with a handgun. Magistrate's Complaint (May 6, 2020). The shooting occurred in Claire Siguenza's apartment, where Victim had temporarily been staying. Defendant claims he acted in self-defense after Victim pulled a knife on him. Motion at 3 (Aug. 25, 2021).

Decision and Order Granting Defendant's Motion in Limine to Exclude Castle Doctrine Presumption for Alleged Victim
CF0245-20, *People of Guam v. Juan Mendiola*
Page 1 of 3

On August 20, 2021, the People submitted its Proposed Supplemental Jury Instructions. Page 11 of the proposed instructions contain an excerpt from Guam's Castle Doctrine Act, as codified in 9 G.C.A. §7 Art. 5. It is anticipated that the People seek to offer this instruction as an attempt to justify Victim's use of the knife, and simultaneously defeat Defendant's self-defense claim.

On August 25, 2021, Defendant submitted his Motion in Limine to Exclude Castle Doctrine Presumption for Alleged Victim. Defendant claims the Castle Doctrine instruction is misplaced because the shooting occurred just outside the residence, and because the Victim was engaged in criminal activity at the time. Motion at 4-5 (Aug. 25, 2021).

On August 27, 2021, the People submitted their Opposition to Defendant's Motion ("Opposition"). The People argued the Castle Doctrine applied because Defendant was an uninvited intruder. Opposition at 2 (Aug. 27, 2021). The People further argued that the Castle Doctrine's "criminal activity" limitation does not apply here because the residence was not being used for criminal activity and Victim was not actively engaged in any criminal activity at the time of the altercation. Id. at 2-3.

The Court held a hearing on August 30, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Under Guam's Castle Doctrine Act:

> (a) A person is presumed to have held a reasonable fear of imminent peril of death or serious bodily injury to himself or herself or another when using defensive force that is intended or likely to cause death or serious bodily injury to another if:
>
> (1) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully or forcefully entered, a … residence … or if that person had removed or was attempting to remove another against that person's will from the … residence …; and
>
> (2) The person who uses defense force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

9 G.C.A. §7.112(a)(1)-(2).

Decision and Order Granting Defendant's Motion in Limine to Exclude Castle Doctrine Presumption for Alleged Victim
CF0245-20, *People of Guam v. Juan Mendiola*
Page 2 of 3

However, "the presumption... *does not* apply if ... the person who uses defensive force is engaged in criminal activity or is using the ... residence ... to further a criminal activity." 9 G.C.A. §7.112(b)(2). The intent behind the Castle Doctrine is for *"law-abiding* people to protect themselves, their families, and others from intruders and attackers without fear of prosecution." 9 G.C.A. §7.111 (*emphasis added*).

Victim cannot be presumed to have held a reasonable fear of imminent peril of death or serious bodily injury under the Castle Doctrine. This is because Victim was engaged in criminal activity or using the residence to further a criminal activity at the time he pulled out the knife. Evidence shows that residence contained significant amounts of illegal drugs and related drug paraphernalia. *See*, Crime Scene Photos of Drug Activity. Furthermore, Claire Siguenza testified that the drugs were not hers. The only other person in the residence at the time of the shooting was Rae Ann Quidachay who testified that she was just a visitor. This means the illegal drugs must have belonged to Victim. Victim's autopsy also backs up this theory, as high levels of amphetamine were found in his system. The Castle Doctrine thus does not apply to Victim, and it would be improper to include this proposed jury instruction.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. The People's proposed Castle Doctrine jury instruction cannot be offered, and the People cannot use the Castle Doctrine as a shortcut to prove Defendant did not act in self-defense.

**IT IS SO ORDERED** this __September 23, 2021__ *nunc pro tunc* to August 30, 2021.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, J. Walsh,
J. Razzano
Date: 9/23/21 Time: 12:55pm
Antonio A Cruz
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion in Limine to Exclude Castle Doctrine Presumption for Alleged Victim
CF0245-20, *People of Guam v. Juan Mendiola*
Page 3 of 3